**CV-05 2597**

UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lisa Panzica, individually and on behalf on behalf of all others similarly situated,<br><br>Plaintiff(s)<br><br>- against -<br><br>JS Retail LLC and Thomas's Ham & Eggery, Inc.<br><br>Defendants | CIVIL COMPLAINT    **FILED**<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.<br><br>Index # :    ★  MAY 2 7 2005<br><br>LONG ISLAND OFFICE<br><br>Plaintiff Demands Trial by Jury |

The Plaintiff, Lisa Panzica, as and for her complaint against the Defendants respectfully

alleges:

HURLEY, J.

### STATEMENT OF PLAINTIFF'S CLAIM

1.    Plaintiff files this action for herself and as an action for those similarly situated, WALL, M.J.

complaining of violations of New York State Civil Rights Law § 40-c and 40-d, New

York State Human Rights Law, and Title III of the Americans with Disabilities Act, 42

U.S.C. § 12182 (hereinafter "ADA").

2.    Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs

against the Defendants.

### VENUE AND JURISDICTION

3.    That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this

complaint, a resident of New Hyde Park, NY.

4.    That at all times hereinafter mentioned, Defendant, JS Retail LLC is a New York

domestic limited liability company.

5. Defendant, JS Retail LLC, is authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Nassau County.

6. That at all times hereinafter mentioned, Defendant, Thomas's Ham & Eggery, Inc., is a New York domestic business corporation.

7. Defendant, Thomas's Ham & Eggery, Inc., is authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Nassau County.

8. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq.

### CLASS ACTION

9. Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendants, are protected by, and are beneficiaries of the ADA and New York State laws.

10. The Plaintiff, complaining for herself and all other residents in the County of Nassau and State of New York, similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient

adjudication of the controversy.

## PLAINTIFF FIRST CAUSE OF ACTION

11. Defendants' facility, located at 325 Old Country Rd., Carle Place, NY, is a public accommodation within the meaning of New York State Human Rights Law § 292 (9) and title III of the ADA (42 U.S.C. § 12181; 28 C.F.R. § 36.104).

12. Defendants owns, leases (or leases to), or operates a place of public accommodation located at 325 Old Country Rd., Carle Place, NY, NY (hereinafter 'facility').

13. Plaintiff has a physical disability known as Spinal Atrophy, which requires her to use a wheelchair. As such, she is a qualified individual with a disability for purposes of this action.

14. On or about, August 2004, Plaintiff attempted to use Defendants' public accommodation.

15. Defendants have failed to make adequate accommodations and modifications to its facility located at 325 Old Country Rd., Carle Place, NY.

16. Defendants' failure to make its facility, accessible to plaintiff, and other persons similarly situated, denies them the opportunity to participate in or benefit from services or accommodations on the basis of their disability.

17. Defendants have not complied with their statutory obligation to ensure that their policies, practices, procedures and reasonable accommodations for persons with disabilities are addressed.

18. Defendants do not provided Plaintiff and others similarly situated with equal opportunity to the use of their public accommodation.

19. Defendants have not provided Plaintiff and others similarly situated with evenhanded

treatment.

20. Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

21. Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

22. Pursuant to New York State law, Defendants, her agents, servants, and/or tenants have discriminated against Plaintiff.

## PLAINTIFF SECOND CAUSE OF ACTION

23. Plaintiff incorporates by this reference all allegations contained in Paragraphs 11 through 22, as though fully set forth here.

24. Defendants have, because of Plaintiff's disability, violated her Civil Rights.

25. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

26. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

27. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## PLAINTIFF THIRD CAUSE OF ACTION

28. Plaintiff incorporates by this reference all allegations contained in Paragraphs 11 through 27, as though fully set forth here.

29. Defendants' facility is not fully accessible to, or readily useable by individuals with disabilities.

30. Defendants have not maintained those features of facilities and/or equipment that are

required to be readily accessible to and usable by plaintiff and other persons similarly situated in accordance with Title III of the ADA.

31.    Defendants' facility has not been designed, constructed, and/or altered in compliance with the accessibility standards of title III of the ADA.

32.    Defendants provide zero accessible parking spaces.

33.    Features of Defendants' public accommodation not accessible to plaintiff, and others similarly situated, are including but not limited to:

a.    Defendants' public use parking lot is not accessible because:

    i    There were an inadequate number of parking spaces accessible to individuals with disabilities;

    ii    There were an inadequate number of van accessible spaces;

    iii    Does not provide correct signage;

    iv    No parking space had the required access aisles;

b.    There was no accessible route of travel from the parking lot to defendants' facility entrance.

c.    There was no accessible route of travel into defendants' facility.

d.    Defendants' public use exterior entrances are not accessible because they:

    i.    have inaccessible hardware;

    ii.    have hardware at an inappropriate height;

    iii.    Defendants' public use exterior doors (two doors in a series) main entrance, does not provide the minimum space between two hinged or pivoted doors in series;

    iv.    has inappropriate maneuvering clearances;

e.    Common use bathrooms are not accessible.

34.    Defendants' failure to have readily achievable and/or reasonable accommodating policies,

practices, and procedures results in discrimination on the basis of disability in connection with individuals with disabilities.

35. Defendants should have achieved accessibility by January 26, 1992.

36. It is not structurally impracticable for Defendants' facility to be accessible.

37. The barriers to access Defendants' facility continue to exist.

38. Reasonable and/or readily achievable accommodations, to plaintiff, and other persons similarly situated, would not impose an undue hardship on the operation of the Defendants' program or activity.

39. Reasonable and/or readily achievable accommodations could be made which do not fundamentally alter the nature of the Defendants' program or activity.

40. Defendants' failure to make all readily achievable accommodations and modifications to remove barriers to access and use its facility is lawfully inexcusable.

## MONETARY DAMAGES

41. Plaintiff seeks monetary damages in the sum of $1000 from Defendants for their discriminatory treatment and violation of New York's Human rights law.

## INJUNCTIVE RELIEF

42. Because Plaintiff and other persons similarly situated will continue to experience unlawful discrimination as a result of Defendants' failure to comply with New York Sate and Federal laws and regulations, injunctive relief is necessary to order Defendants to alter and modify their policies, practices, procedures, and facility readily accessible to and usable by Plaintiff and other persons similarly situated in accordance with New York State law and Federal laws and regulations.

43. Injunctive relief is also necessary to order Defendants to provide auxiliary aid or service,

modification of their policies, and/or provision of alternative methods, in accordance with New York state law and Title III of the ADA.

## DECLARATORY RELIEF

44. Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendants specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendants.

## ATTORNEY'S FEES AND COSTS

45. In order to enforce the rights of Plaintiff and other persons similarly situated under Title III of the ADA, Plaintiff has retained counsel and are thus entitled to recover attorney's fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

A. Certify this case as a class action;

B. Issue a permanent injunction, requiring Defendants, its agents, servants, and employees, and all persons in active concert with Defendants, to make all necessary modifications to their policies, practices, procedures, facilities, goods, services and policies offered to the public to eliminate all barriers that deny lawful access by Plaintiff and other persons similarly situated to Defendants' facilities, goods and services, and enjoining them from violating Federal and New York state laws and regulations, and from discriminating against plaintiff and other persons similarly situated.

C.  Enter declaratory judgment, specifying Defendants ADA and New York state law violations and declaring the rights of plaintiff and other persons similarly situated as to Defendants' policies, practices, procedures, facilities, goods and services offered to the public.

D.  Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for each and every violation.

E.  Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State civil rights law.

F.  The court retain jurisdiction over the Defendants until the court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

G.  Award compensatory damages to Plaintiff.

H.  Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the plaintiff and other persons similarly situated may be justly entitled.

Dated this 21st day of May, 2005

X_____

JAMES E. BAHAMONDE, ESQ. (JB6708)
Law Offices of James E. Bahamonde, P.C.
Attorney for the Plaintiff(s)
2501 Jody Court
North Bellmore, NY 11710
Tel: (516) 783-9662
Fax: (646) 435-4376
Our File No.: 04NAS066.1